GEORGE H. JACKSON & another *vs.* NICOLAUS VON ZEDLITZ & others.

Suffolk.    Nov. 22, 23, 1883. — Jan. 8, 1884.    C. ALLEN & HOLMES, JJ., absent.

A woman about to marry cannot settle her property in trust to pay the income to herself during coverture, with a provision that it shall not be alienated by anticipation, so as to prevent her creditors from reaching the income by a bill in equity under the Pub. Sts. c. 151, § 2, cl. 11; and such provision is not rendered valid by the Pub. Sts. c. 147, § 15.

BILL IN EQUITY, filed October 23, 1882, under the Pub. Sts. c. 151, § 2, cl. 11, against Nicolaus and Katherine B. Von Zedlitz, and the trustee under her marriage settlement, to enforce an assignment by her of income thereunder to the plaintiffs.

The bill alleged the following facts: On March 1, 1877, before and in contemplation of her marriage with Nicolaus Von Zedlitz, the female defendant conveyed certain property belonging to her to a trustee, in trust to pay her the income during coverture, " to her sole and separate use, free from any marital

claim or the control or interference of her husband, and not by way of anticipation or in compliance with any assignment." On July 1, 1881, after her marriage, she joined with her husband in giving a promissory note to the plaintiffs, payable in instalments. On May 3, 1882, and on July 19, 1882, the plaintiffs recovered judgments in actions on the note. In September, 1882, the female defendant, by an order of the Court of Insolvency, gave to the plaintiffs an assignment (so far as she had a right to do so) of so much of the income of the trust fund as should be sufficient to pay the judgments.

At the hearing, the bill was dismissed, with costs, as against Nicolaus Von Zedlitz, who disclaimed all interest in the income, or in matters involved in this suit; and a decree was ordered for the plaintiffs as against the other defendants, who appealed to the full court.

*J. L. Thorndike*, (*N. Morse* with him,) for the defendants.

*A. Cottrell*, for the plaintiffs.

MORTON, C. J. It was held in *Pacific National Bank* v. *Windram*, 133 Mass. 175, that, if a person settles his property in trust to pay the income to himself for life, a provision restraining his right of alienating the income by anticipation is invalid, as being against the policy of the law, and that the rule applies to a settlement of her estate by a married woman made after marriage. The case proceeded upon the ground that a married woman, during coverture, was by our laws *sui juris* as to her property, except as to dealings with her husband; that she is put upon the same footing as if she were a feme sole; that the common law disabilities of married women as to holding and dealing with property are removed; that the reasons for the exception to the rule forbidding restraints of alienation, invented by the English courts of equity, in favor of married women, have ceased to exist; and therefore that the exception is unnecessary and against sound policy.

The reasons of that decision apply with equal force to a settlement by a woman, in contemplation of marriage, of her own property for her own benefit. A man could not, under the form of a marriage contract, make a settlement of his property in trust to pay him the income for his life, and, by a restraint of his power of alienation, put the income beyond the reach of his

creditors. There is no more reason why a feme sole about to marry should have the power to make a settlement, by virtue of which she retains the beneficial use of her property and yet makes it inalienable by her and exempt from liability for her debts, than there is why a woman after marriage should have such power. The case of *Pacific National Bank* v. *Windram* seems to us decisive of the case at bar.

The defendants rely upon the section 'of the statute which provides that " nothing contained in the preceding sections shall invalidate any marriage settlement or contract." Pub. Sts. *c.* 147, § 15. Gen. Sts. *c.* 108, § 10. It cannot be contended that the purpose of this provision was to make valid all stipulations which parties might see fit to include in contracts made in contemplation of marriage, however repugnant to public policy and law. Its intention was to prevent lawful marriage contracts from being invalid, although they make dispositions of property different from those provided by the statute ; but it does not give life and validity to a provision restraining alienation, which is against public policy and contrary to our law.

We are therefore of opinion that the provision in the settlement we are considering, restraining the power of the *cestui que trust* to alienate the income payable to her under it, is invalid.

*Decree affirmed.*