HACKLEY *v.* LITTELL.[1]

1. JUDGMENT—CONCLUSIVENESS—PERSONS CONCLUDED—ASSIGNEES.
   A decree establishing the validity of a spendthrift trust and determining that the principal and income thereof are beyond the control and anticipation of the beneficiary is binding upon subsequent assignees of the beneficiary.

2. SAME — MATTERS CONCLUDED — SPENDTHRIFT TRUSTS — CONSTRUCTION—ANTICIPATION OF INCOME.
   A decree adjudging that a trust deed was made for the purpose of protecting the donor and beneficiary from her own acts of incompetency and extravagance, and of putting her property beyond her own control and securing to herself a support and maintenance from the income of said property, and that the beneficiary has no control over the fund and is entitled to the income only, is a direct determination of the validity of the trust conveyance; and the conveyance forbidding anticipation of the income, the decree is an adjudication against such power. HOOKER, J., dissenting.

Appeal from Muskegon; Russell, J. Submitted May 2, 1906. (Docket No. 161.) Reargued October 8, 1907. (Docket No. 1.) Decided November 5, 1907.

Petition by R. Andrew Fleming, trustee, against Helen H. Littell, Eva L. Littell, W. J. Ensminger, and Morse Ives to set aside an assignment of the income of a spendthrift trust. From a decree for petitioner, defendants. Ensminger and Ives appeal. Affirmed.

*Nims, Hoyt, Erwin, Sessions & Vanderwerp*, for petitioner.

*Walter Schaffner*, for defendant Helen H. Littell.

*William Carpenter* and *William J. Lacey*, for appellants.

HOOKER, J. In the year 1887, one Mrs. Helen A.

[1] Rehearing denied December 10, 1907.

Davies, living at the time in Muskegon, Michigan, being possessed of $50,000, conveyed it to Charles H. Hackley, in trust, to collect the income and pay it to her semi-annually; the instrument making provision for the disposition of the principal fund after her death. A more detailed statement of the terms of the trust, further than to say that it was expressly provided that Mrs. Davies could not anticipate, transfer, or assign any part of either principal or income, is unnecessary for the purposes of this case, especially as the assignees, Ensminger and Ives, claim only the income. The trust was accepted by Mr. Hackley, and Andrew Fleming, his successor as trustee, the petitioner in this proceeding, now has possession of the fund.

In 1901, Fleming as trustee filed a bill alleging the pendency of a suit commenced by Hackley in Muskegon circuit, the extravagance of Mrs. Littell, the fact that certain attorneys were claiming to be her creditors, the pendency of garnishee proceedings in the circuit court for another county through which an attempt was being made to reach and apply to the payment of their claims the trust fund, and efforts on the part of all of the defendants therein to procure a cancellation of the trust, and praying that the defendants be restrained from further prosecuting said suits therein mentioned, or any other affecting the trust estate, or attempting to obtain said fund, or any part thereof, and that it be adjudicated whether or not said Helen Littell might revoke or annul said trust deed, and whether or not her creditors might reach any of said principal of said trust estate for the satisfaction of their debts, and for general relief. Upon a hearing the following decree was made:

"STATE OF MICHIGAN,—The Circuit Court for the County of Muskegon, in Chancery.

"At a session of said court, held at the court-house in the city of Muskegon, in said county, on the 20th day of November, A. D. 1902.

"Present: Hon. Fred J. Russell, circuit judge.

"R. ANDREW FLEMING, Trustee,
                    "Complainant,
                v.
"HELEN H. LITTELL and EVA LOUISE LITTELL,
                    "Defendants.

"This cause having been brought on to be heard upon the pleadings filed therein and proofs taken in open court, and after hearing the arguments of counsel, C. W. Sessions appearing on behalf of the complainant, Stephen H. Clink appearing on behalf of the defendant Helen H. Littell, and John B. Barlow, guardian ad litem of the defendant Eva Louise Littell, appearing in person and by Dan T. Chamberlain, his solicitor, and the court having duly considered the matter,

"It appearing to the court from the pleadings and proofs taken in said cause, that the trust deed referred to in the bill of complaint herein, and bearing date the 19th day of January, 1887, executed by the defendant Helen H. Littell, and delivered to Charles H. Hackley, trustee, a copy of which trust deed is attached to said bill and marked Exhibit "A," was made for the purpose of protecting the said defendant Helen H. Littell against her own acts of incompetency and extravagance, and of putting her property, included in said trust deed, beyond her own control, and of securing to herself a support and maintenance from the income of such property and funds; that at the time of the execution of said trust deed, said defendant Helen H. Littell fully understood its nature and condition, and freely and voluntarily executed the same for the purposes and intents therein and above set forth; that it appears from the composition of said trust deed, and by the pleadings filed in this cause, that the trust created by said trust deed was intended to be, and is, in fact, a spendthrift trust and that the said defendant Helen H. Littell, has no authority to dissolve or withdraw the same; that said defendant Helen H. Littell has no control over the funds involved in said trust, and that said defendant Eva Louise Littell has at the present time no interest in said trust except a contingent interest, and has no control over the trust estate at the present time.

"And it appearing to the court that said defendant Helen H. Littell has heretofore commenced numerous suits and proceedings to reach or obtain the principal of said trust fund, which proceedings have diminished the

income from said trust fund, and have not been for the best interests of said defendant Helen H. Littell, the said trustee, or said trust estate.

"It is therefore ordered, adjudged and decreed, and this court by virtue of the authority therein invested, does order, adjudge and decree:

"1. That said trust deed was made for the purpose of protecting said defendant Helen H. Littell against her own acts of incompetency and extravagance, and of putting her property, included in said trust deed, beyond her own control, and securing to herself a support and maintenance from the income of said property and funds; that the trust created thereby was and is a spendthrift trust, and that said defendant Helen H. Littell has no control whatever over the same, nor any authority to dissolve or withdraw it; that said defendant Helen H. Littell is entitled to the income only from said trust estate.

"2. That said defendant Eva Louise Littell has at the present time only a contingent interest in the trust created by said trust deed, and has no control over the said trust.

"3. That the said trustee has full power and authority under said trust deed and under the supervision of this court, to keep the said trust estate invested in good and interest-bearing securities, or other good and sufficient interest-bearing or dividend-paying investments, and to change and shift investments from time to time to other of like nature, without interference by said defendant Helen H. Littell or any other person.

"4. That this court has exclusive jurisdiction over the said trustee and said trust estate.

"5. That said defendant Helen H. Littell be and she is hereby perpetually enjoined from instituting or commencing any suit or proceedings, either directly or indirectly, in any court, except this court, to obtain any portion or part of the principal of said trust fund.

"6. That no costs be allowed to or against any of the parties to this suit.

"FRED J. RUSSELL,
"Countersigned,                    "Circuit Judge.
"JOHN B. BARLOW,
                "Register."

On October 24, 1905, Fleming filed the petition which is now before us. It sets up the foregoing facts, states his incumbency as trustee, and that he has been served

with an alleged assignment by Helen Brachvogel (formerly Littell) to W. J. Ensminger of all of her interest in and to the trust agreement, given to secure the payment of an alleged indebtedness due from her to him. Also two other alleged assignments of her said interest, given by her to Morse Ives, both dated September 12, 1905, to take effect March 12, 1906. It denied the validity of said assignments and prayed an order authorizing payment of the net income to Mrs. Brachvogel, and that said persons be required to show cause why this should not be done. Answers and cross-petitions were filed by both Ensminger and Ives, in which they claim to be creditors and assignees of Mrs. Littell. Mrs. Brachvogel (formerly Littell) answered denying that she was indebted to them, admitting the execution of certain notes which were given without consideration to her and merely as surety for her husband, Brachvogel. She denied the validity of the notes and assignments and alleged that Ives took his obligations and assignments with full knowledge of the decree hereinbefore mentioned. Upon a hearing the following order was made:

"STATE OF MICHIGAN,—The Circuit Court for the County of Muskegon, in Chancery.

"At a session of said court held at the court-house in the city of Muskegon, in said county, on the 21st day of December, A. D. 1905.

"Present: Hon. Fred J. Russell, circuit judge.

"CHARLES H. HACKLEY, Trustee,
                              "Complainant,
                         v.
"HELEN H. LITTELL and EVA L. LITTELL,
                              "Defendants.

"The petition of R. Andrew Fleming, trustee, praying for an order authorizing and directing him to pay the net income of the trust estate involved in this suit and fully set forth in said petition to Helen H. Brachvogel (formerly Helen A. Davies and afterwards Helen H. Littell), notwithstanding certain purported assignments executed by said Helen H. Brachvogel, one to W. J. Ensminger

and two to Morse Ives, copies of which purported assignments are attached to said petition and marked Exhibits 'A,' 'B,' and 'C,' having heretofore been duly brought on for hearing, and the said Helen H. Brachvogel having filed her answer to said petition, and said W. J. Ensminger having filed his answer and cross-petition praying for an order authorizing and directing said trustee to pay said trust estate and the income therefrom to said Ensminger until his judgment against Helen H. Brachvogel, amounting to $11,639.57 is fully paid and discharged, and said Morse Ives having filed his answer to said petition, the parties produced proofs of the matters and things set forth in said petitions and answers in accordance with the order of this court made on November 20, 1905, after which this court heard the arguments of counsel, Nims, Hoyt, Erwin, Sessions & Vanderwerp appearing on behalf of said petitioner, Walter Schaffner appearing on behalf of Helen H. Brachvogel, William Carpenter and William J. Lacey appearing on behalf of W. J. Ensminger, and Morse Ives appearing on his own behalf, the court finds that the said assignments of said trust fund made and executed by said Helen H. Brachvogel to said W. J. Ensminger and Morse Ives are void and of no effect, and that the said petition of said trustee ought to be granted, and the said cross-petition denied.

"It is therefore ordered by the court that said petition of R. Andrew Fleming, trustee, be and the same is hereby granted, and the cross-petition thereto of said W. J. Ensminger denied; that said trustee be and he is hereby authorized and directed to pay the net income of said trust estate to said Helen H. Brachvogel, notwithstanding the said assignments to W. J. Ensminger and Morse Ives, in accordance with the terms of the trust instrument referred to in said petition as bearing date January 19, 1887, executed by and between Helen A. Davies, as party of the first part, and Charles H. Hackley, trustee, as party of the second part.

"It is further ordered, that said R. Andrew Fleming, trustee, recover of and from the said W. J. Ensminger his costs of this proceeding to be taxed, including a solicitor fee of twenty dollars, and that he have execution therefor.

"It is further ordered that the said R. Andrew Fleming, trustee, recover of and from said Morse Ives his cost

of this proceeding to be taxed, including a solicitor fee of twenty dollars, and that he have execution therefor.

                                    "FRED J. RUSSELL,
"Countersigned,                          "Circuit Judge.
        "JOHN B. BARLOW,
                    "Register."

It is apparently conceded that the decree of the circuit court for the county of Muskegon of November 20, 1902, is binding upon all of the parties to the extent of precluding an assignment of anything more than the income of the fund. Counsels' brief asserts that only a right to the income is claimed. Petitioner's counsel urge insistently that the income is also within the protection of that decree, and that to hold otherwise would be to thwart the object of the trust as it would permit the cestui que trust to deprive herself of all future income as effectively as though she should be able to part with the principal, and therefore, by necessary implication, this decree should preclude an assignment of the future income as well as the principal. We are of the opinion that the decree does not go so far. It purports to deal merely with the principal and the question of Mrs. Brachvogel's power to alienate a right to expectant installments of income was not involved and has not been adjudicated. The question is before us, however.

In this case the donor and this cestui que trust, Mrs. Brachvogel, are one and the same person. There are other cestuis que trust who have an interest in the principal of this fund, but the donor has clearly reserved to herself an absolute right to demand and receive the income from the fund at regular intervals. She has never parted with that right, although the primary fund has been conveyed to a trustee for the ultimate benefit of others. As already intimated, we need not discuss the question of the validity of this transfer of the fund as against subsequent creditors, or the effect of the adjudication upon it, for it is not before us. Spendthrift trusts are usually created by some person other than the beneficiary

and the provision that "income cannot be alienated in anticipation" has been sustained, when expressly prohibited, in some cases, upon the theory that the beneficiary has no vested estate until it is due and demandable. Such a case is *Perkins* v. *Hays*, 3 Gray (Mass.), 405, under a will which was construed to provide against the creation of an estate which the beneficiary might dispose of and thereby thwart the express design of the testator, who had a right to place such conditions and limitations as he chose upon his bequests. A similar case is *Degraw* v. *Clason*, 11 Paige (N. Y.), 139, where the court said:

"It is apparent that he [the testator] did not design to vest in her [the beneficiary] an absolute or beneficial interest, such as would be the subject of a grant or sale. If it could be sold, it might be conveyed in anticipation, and the very provision intended to guard against improvidence and prodigality be made the means of supply to both. Her right to receive the next quarter-yearly payment does not accrue until the time elapses."

See, also, *Brown* v. *Williamson's Ex'rs*, 36 Pa. 338, and *Broadway Nat. Bank* v. *Adams*, 133 Mass. 170.

But the present case differs from those cited in the particular mentioned. This beneficiary conveyed her property in trust, reserving a right to the income. In the case of *Pacific Nat. Bank* v. *Windram*, 133 Mass. 175, Mrs. W. after her marriage conveyed property held in her own right to trustees, in trust, to pay the net income to her semi-annually during her life, "upon her sole and separate order or receipt, the same not to be by way of anticipation," and to pay the principal, after her death, to her children, except $25,000 over which she retained a power of appointment by will. Subsequently she, jointly with her husband, borrowed a large sum of money, assigning, as security therefor, all her interest in and to the income of the fund. The court held that the assignment was valid, drawing a distinction between cases where the donor and beneficiary was one and the same and cases where they were different persons. In *Jack-*

*son* v. *Von Zedlitz*, 136 Mass. 342, the rule was applied to a feme sole, who, in contemplation of marriage, settled her property in trust to pay the income to herself during coverture, with a provision that it should not be alienated by anticipation, the court saying:

"A man could not, under the form of a marriage contract, make a settlement of his property in trust to pay him the income for his life, and by a restraint of his power of alienation, put the income beyond the reach of his creditors. There is no more reason why a feme sole about to marry should have the power to make a settlement, by virtue of which she retains the beneficial use of her property, and yet makes it inalienable by her, and exempt from liability for her debts, than there is why a woman after marriage should have such power," citing *Pacific Nat. Bank* v. *Windram*, supra.

See, also, *Taylor* v. *Buttrick*, 165 Mass. 551, where the court said:

"It is well settled in this Commonwealth that a person cannot settle his property in trust to pay the income to himself for life, with a provision that it shall not be alienated by anticipation, so as to prevent his creditors from reaching the income."

In *Woodruff* v. *Johnson*, 4 Hal. Ch. (N. J. Eq.) 729, it was held that one could not lawfully create a trust fund for the benefit of himself during his own life to the prejudice of his (subsequent) creditors. *Hardenburgh* v. *Blair*, 30 N. J. Eq. 645, contains an elaborate discussion of this question. See, also, *Lippincott* v. *Evens*, 35 N. J. Eq. 553, and *McIlvaine* v. *Smith*, 42 Mo. 45.

In *Schenck* v. *Barnes*, 156 N. Y. 316, the court of appeals followed this rule. Among other cases cited by counsel are the following: *Mackason's Appeal*, 42 Pa. 337; *Ghormley* v. *Smith*, 139 Pa. 584 (11 L. R. A. 565); *Menken* v. *Brinkley*, 94 Tenn. 721; *Warner* v. *Rice*, 66 Md. 436; 26 Am. & Eng. Enc. Law (2d Ed.), p. 147.

In this connection we call attention to our statute, 1 Comp. Laws, § 436, which has similar provisions to the statutes of New Jersey and other States, and which dis-

criminates against trusts declared in the donor's own favor. We are of the opinion that the income was subject to assignment by Mrs. Brachvogel.

The assignments are attacked upon several grounds. It is contended:

(1) That the Ensminger assignment is limited to the trust fund and does not purport to cover the income.

(2) That the alleged debts which they were given to secure were not the debts of Mrs. Brachvogel, but of her husband, and that she received no consideration for the assignments.

(3) That they were given in Illinois to affect a trust fund in Michigan, and to secure debts which the policy of our laws declares void and unenforceable, and therefore they will not be enforced here.

1. The assignment to Ensminger covers all of Mrs. Brachvogel's "right, title and interest in and to the trust agreement." This is broad enough to include principal and income, and should be construed to include the latter, although it be conceded to be ineffective to transfer the former, and it should be held to include income not yet due, in which she has a vested right.

2. Conceding that both claims originated in contracts with, and obligations, of, the husband, which Mrs. Brachvogel personally guaranteed: This guaranty, if made in Michigan, would be void; but it is unnecessary to inquire regarding the validity of her personal guaranty, for in both Michigan and Illinois it is within the power of a married woman to mortgage or pledge her property for the payment of her husband's debts, and that is what this woman did by her assignments. We must therefore hold that these are valid claims upon the income of this fund, and that the trustee apply said income as it becomes due upon them, until they are paid.

The amounts of the respective claims are understood to be as follows: Ensminger, $11,639.57 with interest from the 6th day of October, 1905. Ives, $2,000 with interest according to the terms of his notes from September 12, 1905, but these amounts are subject to change on the set-

tlement of decree, if they are inaccurate. Ensminger's assignment being first secured has precedence over that of Ives. The defendants are entitled to costs of both courts payable from said income. The reasonable expenses of the petitioner should be allowed by the circuit court of Muskegon county, as a part of the expenses of the administration of the trust, having precedence over the claims of any other persons.

The decree of the circuit court should be reversed, and a decree entered in this court in conformity to the above opinion.

MONTGOMERY, J. The case is fully stated in the opinion of Mr. Justice HOOKER. The authorities cited in his opinion fully justify the conclusion that where statutes corresponding to 1· Comp. Laws, § 436, exist, one may not declare a trust in his own property, reserving a beneficial interest in himself, which interest shall not be subject to proceedings by a judgment creditor. There is also the authority of the case of *Pacific Nat. Bank* v. *Windram*, 133 Mass. 175, to the point that the donor of a trust who is also the beneficiary may by subsequent conveyance annul the trust. I deem it unnecessary to commit ourselves to this doctrine, and were the question necessary to a determination of the case should feel some hesitancy about following that decision.

Whatever may be said of this doctrine, the defendants in this case, not being judgment creditors in this State, but occupying a position of assignee of Mrs. Helen H. Brachvogel, formerly Littell, under an assignment made after the decree of the circuit court in chancery of Muskegon county, made on the 20th day of November, 1902, take only such interest, if any, as she was entitled to convey under that decree.

It seems to be conceded that the decree was binding on all the parties to this litigation to the extent of precluding an assignment of anything more than the income of the fund. In my judgment the decree is just as controlling

of the income of the fund as of the principal. The decree recites that the conveyance to Hackley was made for the purpose of protecting Helen H. Littell against her own acts of incompetency and extravagance, and of putting her property included in said trust deed beyond her control, and of securing to herself a support and maintenance from the income of such property and funds; that the trust created by said trust deed was intended to be and is in fact a spendthrift trust and that the said Helen H. Littell has no authority to dissolve or withdraw the same; that the said Helen H. Littell has no control over the funds involved in said trust; it was therefore ordered, adjudged and decreed that the trust deed was made for the purpose of protecting said Helen H. Littell from her acts of incompetency and extravagance, and of putting her property included in said trust deed beyond her own control and securing to herself a support and maintenance from the income of said property and funds; that the trust created thereby was and is a spendthrift trust, and that said Helen H. Littell has no control whatever over the same, nor any authority to dissolve or withdraw it, and that said Helen H. Littell is entitled to the income only from said trust fund.

This is a direct determination of the validity of the trust conveyance which among other provisions forbade anticipation of the income by Helen H. Littell, and in the statement that she is entitled to the income only from said trust estate it was undoubtedly intended that she was entitled to the income in the terms of said trust to be paid to her at stated intervals and without anticipation on her part. Any other construction of her rights under the decree would divest the trust wholly of its character as a spendthrift trust, and would leave her at entire liberty to subvert the chief purpose of the trust as created and as declared by the decree of the court, viz., the preservation of the income for her which should not be subject to dissipation by her. It is hard to conceive of a spendthrift trust which confers upon the cesti que trust the entire

right of disposition of all the income of the property with the remainder over to third parties. Clearly such was not the purpose of the instrument interpreted by the court, and when the court declared the trust to be valid as a spendthrift trust, and denied the right and authority of Helen H. Littell to control or dissolve it, the trust became one having the full sanction of the court, and enforceable by its mandate.

I think the decree of the court below, which was in harmony with this conclusion, should be affirmed.

McALVAY, C.J., and CARPENTER, GRANT, BLAIR, and OSTRANDER, JJ., concurred with MONTGOMERY, J. MOORE, J., did not sit.