GILKEY *v.* GILKEY.

1. Trusts—Lien for Alimony—Divorce.

A decree awarding alimony to the wife in divorce proceedings cannot be made a lien upon a trust estate which was created by the father of defendant, providing after the payment of his debts, that the proceeds should be used for the support of himself and family, including defendant, his son, that the trustee might distribute the estate when he should deem it advisable and the trust should terminate in twenty years; notwithstanding that the claims of the other beneficiaries had been satisfied by the trustee with the consent of complainant and defendant, since the payment of alimony is not within the uses to which the trustee was authorized to apply the trust estate.

2. Same—Debtor and Creditor.

Money received by the trustee belonging to defendant, to whose use it has been applied, is, however, applicable to the payment of alimony and may not be held in trust as against defendant's creditors.

Appeal from Kalamazoo; Knappen, J. Submitted June 22, 1910. (Docket No. 119.) Decided September 27, 1910.

Bill by Elizabeth R. Gilkey against Clarence F. Gilkey and William H. Bennett, trustee, for a divorce. From a decree for complainant, and making the award of alimony a lien upon the trust, defendant Bennett appeals. Reversed and remanded.

*A. M. & C. H. Stearns,* for complainant.

*Harry C. Howard,* for appellant.

Hooker, J. On January 21, 1910, complainant was granted a decree of divorce with alimony, $4,000 in amount. The decree provided that this sum should be a lien upon certain land held by William H. Bennett as trus-

tee for defendant Clarence Gilkey, said Bennett as trustee having been made a party defendant by leave of court. An appeal was taken by Bennett. The question in the case is whether the court should have made the decree for alimony a lien upon the property in the hands of the trustee.

The history of the trust is as follows: On November 14, 1906, Edgar W. Gilkey, a man in failing health and the owner of considerable property, his wife joining, made a deed of his property to George L. Gilkey, a relative, in trust for the following purposes:

(1) To pay the debts and adjust his grantor's business affairs.

(2) To pay out of the profits, proceeds, and rents of said property to Edgar W. Gilkey or his family during his lifetime such sums as the trustee should deem reasonable and necessary for the proper care and support of himself and family, including his wife, son Clarence and daughter Grace, and to reinvest the remainder.

(3) After Edgar W. Gilkey's death, to pay his widow, Anna, should she survive him, such sums as the trustee should deem necessary for her maintenance and support, and to do the same in relation to the son and daughter, Clarence and Grace.

(4) The trustee or his successor or successors was authorized to distribute the property, as directed in the will, whenever he should deem it advisable.

(5) The trust should terminate within 20 years.

The trust was accepted, and has so far been carried out, in a way. The evidence in this proceeding shows that the trustee has in effect made distribution of a portion of the trust fund to the extent of satisfying the widow and daughter of Edgar Gilkey, with the sanction of the chancery court, on a petition filed by him. He did this with the consent of Clarence Gilkey, the only other *cestui que trust*, and his wife, the complainant. He made no distribution as to him, but, on the contrary, every step in the proceeding from the petition to the decree shows that there was no intention to turn over to Clarence Gilkey the title to said trust property, but, on the contrary, all ex-

pressly provided that the property remaining shall continue in trust under the terms of Edgar's deed. We need not concern ourselves with questions regarding the action of the court in the premises further than to say that the effect was not to create a new and different trust from that created by Edgar's deeds, so far as the property conveyed by said deed is concerned. Until the trustee shall convey (*i. e.*, distribute) to Clarence Gilkey said property, it is not subject to seizure by the court to pay alimony allowed to the wife, for that is not within the uses to which the trustee was authorized to apply it. We cannot, therefore, sustain the decree in respect to the provision creating a lien.

There is evidence in the case that indicates that certain money received from another source by Bennett as guardian *ad litem* for his ward Clarence Gilkey has been used in removing incumbrances from the land received by him from Edgar Gilkey in trust. This is not sufficiently definite to enable us to determine the amount, and possibly it may be that the fact was not established. But such a claim is made. If such moneys have been so used, we think the proceeds of it cannot be held as a trust fund against creditors, for one cannot cut off his creditors by deeding all of his property to one in trust for his own uses, to the exclusion of creditors. See *Hackley* v. *Littell*, 150 Mich. 106 (113 N. W. 787), and cases cited. To the extent, therefore, that such fund has been applied to the payment of mortgages on trust property deeded by Edgar Gilkey and still in the name and hands of the trustee, such a lien might have been decreed, and presently enforced by proper proceedings. The decree will be reversed, and one entered in this court in accordance with this opinion and remanding the cause with leave to take further proof, with a view to determining the facts, and the making of such decree as they shall warrant, as indicated herein.

BIRD, C. J., and OSTRANDER, BLAIR, and STONE, JJ., concurred.