Rehr, Appellant, *v.* Fidelity-Philadelphia Trust Co.

Argued January 10, 1933. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Error assigned,* inter alia, was order, quoting record.

*Ralph B. Umsted,* with him *John R. Umsted* and *Um-
sted & Wolfe,* for appellant.—Where there is no limita-
tion over of either the income or principal of a trust
estate to any person, where there are no estates or inter-
ests to be preserved, and where the trustee has no func-
tion except merely to apply all the proceeds of the estate
to the personal use of the settlor as she may require it,
there is no ultimate purpose of any kind which requires

the continuance of the trust: Dodson v. Ball, 60 Pa. 492; Yarnall's App., 70 Pa. 335; Bristor v. Tasker, 135 Pa. 110; David's Est., 308 Pa. 388.

*Thomas Stokes,* with him *James A. Montgomery, Jr.,* for appellee.—A voluntary trust expressly made irrevocable cannot be revoked at the will of the grantor: Reese v. Ruth, 13 S. & R. 434; Potter v. Trust Co., 199 Pa. 366.

A spendthrift trust will not be terminated even where the cestui que trust is the only party in interest: Ashhurst's App., 77 Pa. 464; Minnich's Est., 206 Pa. 405; Moser's Est., 270 Pa. 217.

The trust cannot be terminated without the consent of all parties in interest: King v. Trust Co., 278 Pa. 141.

OPINION BY MR. JUSTICE SIMPSON, February 1, 1933:

Plaintiff filed a bill in equity to have decreed null and void a declaration of trust regarding a large sum of money, the declaration having been acknowledged and delivered by her to defendant, as trustee. Her sole reason for asking that relief is, as she alleges, that there never was a legal reason for its existence or continuance, and hence she had at all times and now has the right to revoke it whenever she chooses so to do, though it truthfully states that she "hereby declares she has fully considered the matter of whether the trust hereby created shall be revocable or irrevocable; and that upon such full consideration she has determined, so declares, and it is therefore agreed, that the trust hereby created shall be irrevocable." The trustee, the only defendant named, filed preliminary objections to the bill, denying, as a matter of law, that plaintiff had a right to revoke the trust; the court below sustained the objections and dismissed the bill, whereupon plaintiff prosecuted the present appeal. The decree of dismissal must be sustained.

By the declaration of trust, the fund is to be held upon an active trust "to invest the same and keep it invested, for and during the term of the grantor's natural life, and

to pay the net income unto the grantor in quarter annual
payments" and in further "trust upon the death of the
grantor to pay and distribute the principal to such per-
sons, in such amounts, and upon such trusts as the
grantor shall by any last will and testament, or instru-
ment in the nature thereof, limit and appoint; and in
default of such appointment, or should such appoint-
ment for any reason fall or be void, to pay and distribute
said principal upon the death of the grantor to and
amongst the next of kin of the grantor in accordance
with the intestate laws of the Commonwealth of Penn-
sylvania, as if the grantor had died seized of the prin-
cipal;" and in further "trust to make all payments,
whether of principal or income, unto the beneficiaries of
the trust, including the grantor, upon their respective
personal receipts, free, clear and discharged of and from
the control of any husband which the grantor or any
beneficiary hereunder may have or take; and free and
discharged of the debts, contracts and engagements of
the grantor or any other beneficiary hereunder, and with-
out the right on the part of the grantor or any other ben-
eficiary hereunder to alienate or anticipate any pay-
ments to be made hereunder to the grantor or any such
beneficiary, and free, clear and discharged from the
claims, levies, executions or attachments of any creditor
of the grantor or any other beneficiary hereunder." The
declaration of trust also gave to the trustee the power
"to invest and reinvest [the moneys in the trust] from
time to time and to change investments at discretion,"
such investments not to be confined "to what are known
as legal securities for trustees under the laws of the
Commonwealth of Pennsylvania," and empowered it gen-
erally to deal with the trust estate as any person sui
juris might do, except that no investment should be made
in common stocks, without "the consent of the grantor
first thereto had......always endeavoring, so far as
practicable, to keep approximately one-third of the trust
estate invested in first mortgages on real estate in the

Commonwealth of Pennsylvania." Then follows the paragraph regarding irrevocability, hereinbefore quoted, and one relating to the commissions on principal and income which the trustee should receive for its services.

Plaintiff's counsel frankly admits that he cannot succeed unless all who are or may at any future time be interested in the trust are now before the court, so that their interests may be foreclosed by our decree. He alleges, however, that the language of the deed regarding the gift in remainder, operates to enlarge her life estate to an absolute one, and hence (1) all the possible interests "are before the court in the person of plaintiff" herself; and (2) that the trust has no existing purpose to support it. She has to establish both of these contentions in order to sustain the bill. We probably would hold that she has not established either, but, for brevity's sake, will herein consider the second only, which she certainly has not proved.

It will be noticed that even plaintiff's life estate is subject to a spendthrift trust, and this we have always held to be sufficient of itself to sustain the trust. Dodson v. Ball, 60 Pa. 492, apparently the sole reliance of plaintiff on this point, itself says at page 496: "And where the trust is not active the legal estate will remain in the trustee so long as it is necessary to preserve the estate itself, as in the case of a trust for a married woman to protect the estate from her husband; or a trust for a spendthrift son to protect it from his creditors." A fortiori this is so where, as here, the trust is an active one.

In Baughman's Est., 281 Pa. 23, 38-40, we reviewed many of our previous decisions, including Dodson v. Ball, and treated of the question now under review at considerable length. We there said (page 39) that such a "trust cannot be terminated unless there is 'no ultimate purpose of any kind requiring the continuance of the trust' expressed in it, or which 'can be implied from its terms, except the mere payment of the income to the

cestui que trust'...... Thus, on a gift of a property to A, upon an active trust for B for life, with remainder to C, B cannot end the trust, without the consent of C, and not even then unless no other legal reason appears for keeping it alive; as, for instance, where the life estate in B is upon a spendthrift trust." No case has been cited to us, and we know of none, in antagonism to that principle, and we know of a number which support it. In Minnich's Est., 206 Pa. 405, we decided that a will creating an active trust will be sustained, if the income payable to the life tenant is subject to a spendthrift trust, although there is no gift over of the corpus after the death of the life tenant. This was cited in Shower's Est., 211 Pa. 297, 304, and Rockhill's Est., 29 Pa. Superior Ct. 28, 34, and, so far as we are aware, has never been overruled or even qualified. See also Moser's Est., 270 Pa. 217, and King v. York Trust Co., 278 Pa. 141.

The decree of the court below is affirmed and the appeal is dismissed, the costs thereof to be paid out of the income of the trust estate.