## Rehr v. Fidelity-Philadelphia Trust Company

*Schnader & Lewis*, for petitioner.

*Pepper, Bodine, Stokes & Schoch*, for respondent.

Bok, P. J., January 23, 1940.—This is a petition to terminate a trust. The same trust was before the courts in 1932 and Court of Common Pleas No. 1 of this county

refused to terminate. This was affirmed on appeal: Rehr v. Fidelity-Philadelphia Trust Co., 310 Pa. 301 (1933).

The present petition happened to be assigned to the same court, but after consultation with counsel, it was transferred by that court and accepted by us for hearing and determination.

A hearing was held on January 20, 1940.

Ordinarily the doctrine of res judicata would prevent my considering the petition, but an examination of the bound record in 310 Pa. 301 convinces me that those proceedings were prosecuted on a very different theory and on a different state of facts from those before me now. In that event I may hear the new facts. In 34 C. J. §1193, pp. 774, 775, it is said:

"Unless the proceedings and judgment in a case involved or afforded full legal opportunity for an investigation and determination of the merits of the suit, the judgment therein will not operate as a bar to a subsequent suit upon the same cause of action, or in subsequent proceedings in the same case." And in the same volume, at page 905, it is said:

"The estoppel of a judgment extends only to the facts in issue as they existed at the time the judgment was rendered, and does not prevent a reëxamination of the same questions between the same parties where in the interval the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants."

Mrs. Rehr created this trust in 1928. It contains a spendthrift provision, and provides that upon her death the corpus go to those appointed by her will or, should she leave no will, to her next of kin under the intestate laws. The corpus was $200,000. Mrs. Rehr was to receive the income during her life.

She is 59 years of age, a widow, and has no father, mother, children, or grandchildren. She has brothers and sisters living.

Various creditors have attached the fund and taken the cream of the investments. The amount of such attachments was not disclosed. Her creditors could do this, since she could not put her own property beyond their reach: Ghormley v. Smith et al., 139 Pa. 584 (1891); Patrick, etc., v. Smith, 2 Pa. Superior Ct. 113 (1896).

In the beginning Mrs. Rehr's income from the trust was approximately $8,000. In 1939 the net income was $393.27. The present corpus, composed of cash, bonds, mortgages, and foreclosed real estate, is worth not over $60,000.

Respondent accounted in 1932 and 1938, and Mrs. Rehr approved both accounts, which were audited by Court of Common Pleas No. 5. No new investments have been made since the last account.

Mrs. Rehr lives alone in her 20-room house and does all her own work. She has neuritis of the spine, her teeth are in bad condition, and she is in need of medical care. She has no other income than this trust, and she has borrowed from friends until her credit is exhausted. Her alternative to recovering what is left of her principal is to go on relief.

Respondent filed an answer, and while unwilling to terminate the trust voluntarily, has submitted itself to the court's jurisdiction, and its counsel stated at the hearing that he agreed with the legal argument advanced by Mrs. Rehr's counsel.

When the case was litigated before, Mrs. Rehr's health was good and the trust was paying her a living income. Her theory in the earlier litigation was simply that she had a right to recover her own property, despite the fact that she deliberately made the trust irrevocable.

Her present theory is that the trust has totally failed of its purpose, which, as she testified, was to provide her with a comfortable income for life. Instead of its supporting her now, it is driving her to private and governmental charity. I am satisfied that the changed condi-

tions of her life have occurred since the prior determination of her case.

The law now regards a settlor who trustees his own property for his own benefit, with a spendthrift clause, as a ward of the court: Neal v. Black et al., 177 Pa. 83 (1896). I feel this gives me an equitable discretion in the matter. While the precise question has not been decided by the appellate courts of this State, it has been decided favorably to petitioner by Judge Finletter in Reimer v. Provident Trust Co., C. P. No. 4, December term, 1936, no. 1295, in a thorough and lucid opinion, and by Judge Rosen in Tomlinson v. Land Title Bank & Trust Co., C. P. No. 2, December term, 1938, no. 2144 (no opinion filed). The theory of the Reimer decision is that the trust has failed of its purpose because of no improvidence on the part of the settlor-beneficiary, and that since the trust was created to protect her it should now be terminated for the same reason. Mrs. Rehr wishes to invest her own money, and from the looks of the portfolio, I should say she could do no worse than respondent has done. She testified that respondent did not wish to sell certain items when she requested it to do so, and it is obvious that a trustee so situated would prefer to take such position in the hope of the market improving than to sell and risk a surcharge. She also declares it as her intention to invest what is left of her capital in productive real estate and Government bonds.

Under the peculiar facts of this case, I feel she should be allowed to unwind her original transaction. There is no gift over, and since her beneficiaries are only those to whom she may will her property or who will share if she dies intestate, their fortunes are hers and will in my opinion undoubtedly be improved by this step.

Counsel asked leave at the hearing to file an account for final audit and discharge. Such permission is granted, and this court will audit respondent's account upon strict compliance with the rules of court, particularly with regard to Mrs. Rehr's present creditors.

The rule of the petition is made absolute and the trust is terminated. Respondent is directed to return to Mrs. Rehr the present corpus of the trust, together with accrued income, and to account promptly to this court.