**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Sarah Gilkey VANDER WEELE, Respondent.**

**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Frederick VANDER WEELE, Respondent.**

**Nos. 13328, 13329.**

United States Court of Appeals
Sixth Circuit.
April 25, 1958.

I. Henry Kutz, Washington, D. C. (Charles K. Rice, Lee A. Jackson, and George F. Lynch, Washington, D. C., on the brief), for petitioner.

John C. Howard, Kalamazoo, Mich., for respondents.

Before SIMONS, Chief Judge, MARTIN, Circuit Judge, and JONES, District Judge.

MARTIN, Circuit Judge.

The Commissioner of Internal Revenue has petitioned this court for review of the decisions of the Tax Court of the United States in companion cases embracing Sarah Gilkey Vander Weele and her husband. The wife, when 31 years of age, executed on March 25, 1950, a conveyance in trust of stocks and securities owned by her, valued at $28,135.99, and also her contingent interest in the large trust estate of her deceased maternal grandfather. At the time of the execution of her trust indenture, the young wife was beneficiary of a one-third contingent remainder in the corpus of the testamentary trust created by the will of her aforementioned grandfather. This contingent remainder was valued on March 25, 1950, at $564,769.09.

The Vander Weeles had been living beyond their means and were overdue in the payment of many of their bills. They were inexperienced in making investments or handling money matters and, therefore, considered themselves unprepared to manage the large estate which the wife expected to receive from the testamentary trust of her grandfather. Acting at her mother's suggestion, Mrs. Vander Weele consulted two of the trustees of her grandfather's estate (both of whom were practicing attorneys) concerning the creation by her of a trust for the purpose of providing satisfactory management of her property, when received, and of insuring her financial protection and security. Knowing the trustees well, she was confident that they would direct her property satisfactorily and to her best interest.

As was found by the Tax Court upon stipulation and substantial evidence, Mrs. Vander Weele, in her discussions with the trustees, expressed no desire to provide benefits for her children and her husband, except in the event that a portion of the trust fund should remain intact at her death. She spoke only of the assurance that she would receive sufficient income to take care of her personal needs for the remainder of her life. In these circumstances, she executed the trust indenture of March 25, 1950.

Her irrevocable trust required the trustees to pay to her for life the entire net income from the stocks and securities transferred by her in trust, at least until the trustees should receive her remainder interest in her grandfather's testamentary trust estate, which would accrue to her upon the death of her mother. The trust indenture provided further that,

upon receipt by the trustees of Mrs. Vander Weele's interest in her grandfather's trust estate, they should pay to her in monthly instalments, as near as may be, during her natural life such reasonable and substantial portion of the net annual income of her entire trust estate as in the sole judgment and discretion of the trustees should seem desirable and ample for her comfortable well-being and enjoyment. The trustees were empowered further to pay to her the entire net income from the whole trust estate. It was provided that the net annual income not distributed to Mrs. Vander Weele should be accumulated for the benefit of her children until they should reach their majority.

Next followed a sweeping provision hereinafter quoted, which provided for the encroachment upon the corpus of the entire trust estate for the sole benefit of Mrs. Vander Weele. The trustees were directed to pay the trustor $10,000 of the principal and an additional $10,000 therefrom every five years during her life upon their receipt of Mrs. Vander Weele's remainder interest in the trust estate of her grandfather. The trust indenture then provided for distribution to her husband and children upon the death of Mrs. Vander Weele and thereafter.

An important finding of the Tax Court supported by substantial evidence was as follows: "At the time of the creation of the trust, the petitioner was assured by the trustees that they would construe liberally the terms of the trust instrument and would pay her the entire income of the trust, both before and after the remainder interest was received by the trustees, and that if the income was insufficient to support her or to permit her to live comfortably and in the station in life to which she was accustomed, they would invade the principal of the trust and pay it to her or apply it for her benefit. Various contemplated items of expense were discussed with the trustees, and it was understood to be petitioner's desire to utilize the trust fund for such items as vacations, travel, sickness and the unpaid mortgage payments on petitioner's dwelling."

The Vander Weeles filed gift-tax returns for 1950, treating the transfer by Mrs. Vander Weele of the entire trust assets as having been made to the extent of one-half by each of them. Subsequently, they changed their position as to liability for gift taxes and filed claims for refund of the sums reported and paid by them in gift taxes. The Commissioner of Internal Revenue determined that the Vander Weeles had made a taxable gift in the amount of $478,897.61, whereof $126,259.85 should be treated as having been made by the husband, Frederick Vander Weele. The Commissioner determined further that deficiencies in the gift tax of Mrs. Vander Weele amounted to $63,277.21 and in the gift tax of her husband to the sum of $11,308.72.

The Vander Weeles filed separate petitions for redetermination of the deficiencies, charging that there is no deficiency in their gift taxes for the calendar year 1950. The Tax Court upheld their position, determining that there is no deficiency in their gift taxes for the year in controversy but that there is an over-payment of gift tax for the year 1950 in the amount of $3,430.85 as to each petitioner. As heretofore stated, the Commissioner has filed in this court his petition for review of the Tax Court's decisions.

█ Relying principally upon its decisions in Paolozzi, 23 T.C. 182, and Estate of Gramm, 17 T.C. 1063, the Tax Court held that the execution of the deed of trust of March 25, 1950, by Sarah Gilkey Vander Weele did not constitute a gift taxable under section 1000 of the Internal Revenue Code of 1939, 26 U.S. C.A. § 1000. We are in accord with the conclusion of the Tax Court.

The terms of the trust instrument in question indicate plainly that the transfer of the donor's stocks and securities and of her contingent remainder in the estate of her grandfather (which was about twenty times the value of her own property conveyed and was in amount

more than a half million dollars) was made to provide for *herself* personal financial security and, at the same time, to permit her indulgence in travel, recreation and pleasant living. The transfer was made, also, to take care of her in event of sickness and to assure payment of the mortgage on her home. At the time she created the trust, naming as her trustees two family lawyers who were also trustees under her grandfather's will, it was understood clearly that Mrs. Vander Weele was making the conveyance in trust for her own personal benefit. Paragraph "C" makes this evident beyond reasonable controversy in its express provisions: "In the event that the amounts so payable [that is, income and accumulations] to the Donor do not in the sole judgment and discretion of the Trustees provide for the comfortable well-being of the Donor, the said Trustees may from time to time pay to the Donor such part *or all* of the principal of the entire trust estate, or any portion of the trust estate resulting from the accumulation from net income as to said Trustees in their sole judgment and discretion shall seem advisable, *without regard to any obligations herein set forth, or implied, to preserve or conserve any of the trust estate for either the husband of the Donor, or any of the other beneficiaries hereinafter designated."* [Emphasis supplied.]

The transfer in trust was in reality a transfer to preserve her property against waste by her own spendthrift actions, while reserving to herself the income and to the trustees the right to encroach upon the principal for her "comfortable well-being."

■ Under controlling Michigan law, the donor's creditors could reach her distributable income. Gilkey v. Gilkey, 162 Mich. 664, 666, 127 N.W. 715; Hackley v. Littell, 150 Mich. 106, 113 N.W. 787, and cases cited; Michigan Statutes Annotated, section 26.921, Comp.Laws 1948, § 566.131. The trustees were granted almost unrestricted power to invade the corpus of the trust for the benefit of the trustor, with the possibility of the repay-

ment of the entire trust fund to her. The trust conveyance in effect created no completed taxable gift to the remaindermen—the husband and children of the trustor. There was no assurance that anything of value would pass to the remaindermen. The settlor could in actuality retain the economic benefit and enjoyment of the entire trust income and corpus of the trust estate by borrowing money or by selling, assigning, or transferring her interest in the trust fund and relegating her creditors to the trust fund for payment.

A gift tax will not be imposed upon transactions which fall short of being completed gifts. Estate of Sanford v. Commissioner of Internal Revenue, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20. The gift tax statute is not aimed at every transfer of the legal title to property without consideration, but is aimed at a transfer of title which has the quality of a gift that is not consummated until put beyond recall. Burnet v. Guggenheim, 288 U.S. 280, 286, 53 S.Ct. 369, 77 L.Ed. 748.

We are aware that, in Commissioner of Internal Revenue v. Wemyss, 324 U.S. 303, 306, 65 S.Ct. 652, 89 L.Ed. 958, the Supreme Court indicated that, for purposes of the gift tax, the "donative intent" is not the criterion, the test being, rather, that where property is transferred for less than an adequate and full consideration in money or money's worth the excess in such money value shall, for gift tax purposes, be deemed a gift. Here, we are not confronted with a decision based on "the donative intent," for there was in the present circumstances no gift whatever *in praesenti:* only a transfer which, upon contingencies, might become a gift at some future time. It may be stated parenthetically that, from the standpoint of practical taxation, the trust arrangement made by the taxpayer would not necessarily cause the government to lose revenue, but would have the tendency to preserve the property transferred in trust for estatetax taxation. Except for the creation of the trust, the property transferred

might be squandered during the lifetime of the trustor.

We think the decision in Robinette v. Helvering, 318 U.S. 184, 63 S.Ct. 540, 87 L.Ed. 700, does not gainsay our rationalization, for the reason that the circumstances of the Robinette case were not remotely related to those of the present controversy. Moreover, we are of opinion that Herzog v. Commissioner of Internal Revenue, 2 Cir., 116 F.2d 591 and In re Uhl's Estate, 7 Cir., 241 F.2d 867, are clearly distinguishable upon salient facts from the case at bar.

In the instant controversy, the settlor plainly made the transfers in trust for her own "comfortable well-being" and personal financial security in such fashion that there was no actual gift taxable, as such, at the time of the transfer. The decisions of the Tax Court are affirmed.