ANNA E. BULLOCK v. THOMAS O. BULLOCK.

An action at law may be maintained in this state upon a decree for alimony made in New York if the New York court had jurisdiction of the subject-matter and of the person of the defendant.

On contract.   Demurrer to *narr.*

Argued at November Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL and LIPPINCOTT.

For the plaintiff, *Edward Q. Keasbey.*

For the defendant, *James Buchanan.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The declaration in this case is founded upon a decree of the Supreme Court of New York, directing the payment of alimony by the defendant to the plaintiff at $100 per month.   The declaration alleges that there is due upon said decree the sum of $1,600, and that the defendant promised to pay the amount so due.

The declaration further avers that the Supreme Court of New York is a court of general jurisdiction, and that it had jurisdiction over the parties and the subject-matter of the suit, the said defendant having been duly served with process, and having appeared and answered the bill of complaint in that court.

To this declaration the defendant filed a general demurrer.

In *Van Buskirk* v. *Mulock,* 3 *Harr.* 184, Chief Justice Hornblower held that, at the common law, an action of debt will not lie on a decree of a court of equity for the payment of money.

In the recent case of *Mutual Fire Insurance Co.* v. *Newton,* 21 *Vroom* 571, this court discussed that question, taking the contrary view and citing a number of cases in support of it.

In *Evans* v. *Tatum*, 9 *Serg. & R.* 252, Chief Justice Tilghman gave a foreign decree in equity the conclusive force of a judgment between the parties to a suit on it in Pennsylvania.

The same rule prevails in the courts of Massachusetts and New York. *Howard* v. *Howard*, 15 *Mass.* 196; *Rigney* v. *Rigney*, 127 *N. Y.* 408.

The question as to the conclusive effect of the decree is no longer an open one in this state. In the recent case of *Bullock* v. *Bullock*, 7 *Dick. Ch. Rep.* 561, the Court of Errors and Appeals, while refusing to establish a decree for alimony made in New York as a lien upon lands in New Jersey, declared "that the decree in New York conclusively determined the *status* of the parties to that action, and that the marital relation previously existing between them had been absolutely dissolved.

"If, by the direction to pay alimony an indebtedness arises from time to time, as such payments become due, an action at law will lie thereon, and the decree will furnish conclusive evidence of such indebtedness."

The allegations in the declaration show a sufficient legal basis for the plaintiff's action, and the demurrer should be overruled, with costs.