ANNA ROORDA, Appellant, v. DETMER ROORDA et al., Appellees.

No. 45621.

OCTOBER 14, 1941.

1104

T. E. Klay, for appellant.

Van Oosterhout & Kolyn, for appellees.

OLIVER, J.—The petition in equity, filed in 1939, against Detmer Roorda and Spencer Roorda, alleged that in 1929 plaintiff-appellant, Anna Roorda, secured a decree of divorce from defendant-appellee, Detmer Roorda, in California where the parties then resided; that the decree gave her custody of their three minor children and awarded her $15 per week for their support and maintenance; that in 1938, she secured judgment in Sioux County, Iowa, for $7,160, the then accumulated amount of the California judgment; that immediately after the divorce Detmer had returned to Sioux County, Iowa, and to prevent collection of the judgment had colluded with his father, Hessel Roorda, for the father to make a will, which would defeat the collection thereof by placing in trust the share in the father's estate passing to Detmer.

Detmer's father died in 1935. His will, as set out, gave each son and daughter, except Detmer, an equal share in his estate and provided:

"* * * and the remaining share to my son Spencer Roorda, to be held by him in trust for the benefit of my son, Detmer Roorda.

"I further direct that the property devised and bequeathed in this will to my son Spencer to be held by him in trust for the benefit of my son Detmer Roorda shall be held by my son Spencer Roorda, and he shall pay over to my son Detmer Roorda, the income from same and any part or all of the principal at such time or times as in the judgment of my son Spencer Roorda the payment of same will be to the best interests of my son Detmer Roorda."

The petition prayed that the trust be held fraudulent; that the corpus and income be subjected to the judgment and for

general equitable relief. It was assailed by motion to dismiss, which set up that under the facts pleaded the trust was not fraudulent; that testator had the right to dispose of his own property as he desired and the means employed in protecting the same from creditors of the beneficiary were valid and proper; and also that the trust assets in the hands of the trustee were not subject to appropriation by creditors of the cestui qui trust because payments of income and principal to the beneficiary were entirely subject to the discretion of the trustee and the beneficiary had no present interest therein. The motion was sustained, the action was dismissed and plaintiff has appealed.

I. That the placing in trust by the father of a share in his estate for the benefit of his son Detmer was not a fraud upon creditors of Detmer is too well settled to require extended discussion. In Kiffner v. Kiffner, 185 Iowa 1064, 1066, 171 N. W. 590, 591, the court said:

"* * * the testator owed no duty, legal or moral, to provide for the debts of his son; that he had a right to dispose of his estate as he would; that he had a right to create a trust fund and place the same in the hands of a third party as trustee, and to confer upon such trustee such full power over the fund as the testator himself would have had if living; and * * * he had a right to adopt this course for the very purpose of enabling the trustee to support the improvident son, and yet prevent his creditors from appropriating the benefaction."

To the same effect are statements in Nichols v. Eaton, 91 U. S. 716, 23 L. Ed. 254; Funk v. Grulke, 204 Iowa 314, 213 N. W. 608; Jones v. Coon, 229 Iowa 756, 295 N. W. 162, and cases therein cited.

II. The will provides that the trustee shall hold the trust property and shall pay over to the beneficiary the income and any part or all of the principal at such time or times as in the judgment of the trustee the payment of same will be to the best interests of the beneficiary. We interpret this to mean the judgment of the trustee as to the best interests of the beneficiary shall determine payments of income as well as principal and that the making of payments from either or both sources is discretionary with the trustee. Consequently, there is no debt due

from the trustee to the beneficiary nor may the latter recover the trust property from the trustee.

It has been frequently said of trusts of this nature that the right of the cestui qui trust against the trustee, to recover the property, is the measure of the rights of the creditor as against the property in the hands of the trustee. Meek v. Briggs, 87 Iowa 610, 54 N. W. 456, 43 Am. St. Rep. 410; Standard Chemical Co. v. Weed, 226 Iowa 882, 285 N. W. 175. Measured by this test it appears that in this case the cestui has no interest in the income or principal of the trust which may be subjected to his debts.

III. But appellant contends the character of her judgment, to wit: one founded upon an allowance to a wife in a divorce action for support of the minor children of the marriage is such that the trust should be subjected thereto. The doctrine relied upon is stated in Restatement of the Law of Trusts, page 389, as follows:

"§157. Particular Classes of Claimants. Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary,

"(a) by the wife or child of the beneficiary for support, or by the wife for alimony; * *.*."

The only Iowa case called to our attention, which deals with this proposition is De Rousse v. Williams, 181 Iowa 379, 164 N. W. 896, in which the court held a final decree awarding alimony constituted no more than a judgment and could not be satisfied out of the property of a spendthrift trust unless the debtor had himself furnished consideration for the trust property. However, the decision turned upon the latter point and the trust property was subjected to the decree because the debtor had furnished consideration for it and thus created the spendthrift trust for his own benefit.

It should be here noted that Restatement of Trusts limits spendthrift trusts to those in which the transfer is prevented by a provision forbidding alienation and classes either as discretionary trusts or as support trusts those in which the very nature of the beneficiary's interest is such that he has no interest

which could be transferred or subjected to his debts. On the other hand the term "spendthrift trust" is in some of the decisions employed in a broad sense as including all of said classes. Whether or not the language of the instrument in the case at bar is sufficient to permit its classification as a trust for support we need not determine, but will so assume for the purposes of this discussion.

Decisions from other jurisdictions upon the right to subject a spendthrift trust to an award of alimony or support money are in conflict and in some instances are controlled or affected by statutes. In Pennsylvania recoveries have been allowed on the separate grounds that spendthrift trusts are against public policy as to claims of wives for maintenance and support; that the obligation of a husband to support is not based on any contractual relation but is a fundamental duty and also that the settlor of the trust did not intend to bar the deserted wife. In re Moorehead's Estate, 289 Pa. 542, 137 A. 802, 52 A. L. R. 1251, and annotation; In re Stewart's Estate, 334 Pa. 356, 5 A. 2d 910. Illinois cases also appear to be bottomed in part upon the theory of public policy and as stated in Keller v. Keller, 284 Ill. App. 198, 206, 1 N. E. 2d 773, 777:

"We hold that because the will creating this trust fund does not expressly disclose an intention to the contrary, because the claim for support of children is one which transcends any contractual obligation, and because of the recognition in our law of the unity of the family, the court did not err in subjecting the income from this trust fund to the support of the minor children of the beneficiary. * * *."

However, the rule that spendthrift trusts are invalid as against allowances for alimony or support of children appears to be the minority rule. The majority holdings sustain their validity, generally upon the well-settled doctrine that a testator has the right to dispose of his own property as his judgment may dictate and some of them in part upon the proposition that a decree for alimony or support does not differ from any other judgment. Erickson v. Erickson, 197 Minn. 71, 266 N. W. 161, 267 N. W. 426; Eaton v. Lovering, 81 N. H. 275, 125 A. 433, 35 A. L. R. 1034, and annotation; Bucknam v. Bucknam, 294

Mass. 214, 200 N. E. 918, 104 A. L. R. 774, and annotation; Gilkey v. Gilkey, 162 Mich. 664, 127 N. W. 715; San Diego Trust & Savings Bank v. Heustis, 121 Cal. App. 675, 10 P. 2d 158.

Many of the cases are discussed in Schwager v. Schwager, 7th Cir., 109 F. 2d 754, a decision with a well-considered majority and dissenting opinion. In that case the court found the trust provisions of the will could not be interpreted as providing for the support and maintenance of the divorced wife and children but showed an intention to the contrary. It was held testatrix had the right to dispose of her property as her judgment dictated and that the public policy that requires a husband to support his wife and children should not be permitted to destroy the trust. The opinion quotes at length from Erickson v. Erickson, 197 Minn. 71, 266 N. W. 161, 267 N. W. 426, which expressly declined to follow the rule stated in section 157 of The Restatement of Trusts hereinbefore set out.

In the case at bar the petition does not plead the testator intended the trust to provide for the support and maintenance of the divorced wife and the children. On the contrary, the trust provisions are alleged to be collusive and for the purpose of defeating the collection of the allowance made in the divorce decree. This state of the record does not permit consideration of the question of intention and there remains only the proposition whether the provisions of a spendthrift or support trust, which prevent the subjection thereof to the support and maintenance of a divorced wife and children are invalid as being in contravention of public policy.

As hereinbefore noted, it is well settled in this jurisdiction that a testator has the right to dispose of his estate as he desires. The holdings in the Schwager case, supra, and supporting cases are largely founded upon this proposition. We conclude the reasoning of these cases is sound, and that we should not recede from the result of our holding in De Rousse v. Williams, supra. This conclusion results in an affirmance of the ruling of the trial court sustaining the motion to dismiss and dismissing the petition.—Affirmed.

All JUSTICES concur.