In the Matter of the ESTATE of Caroline L. DODGE, Deceased.

Carolyn Evans Paine MURPHY and Edward Scott Paine, Executors of the Estate of Eleanor Scott Paine, Deceased, Appellees,

v.

Hunter L. SCOTT, Trustee, Appellant.

No. 62245.

Supreme Court of Iowa.

July 25, 1979.

Robert A. Schwarzkopf and James R. Schumacher of Morsman, Fike, Davis & Schumacher, P.C., Omaha, Neb., for appellant.

Jack W. Peters of Stuart, Tinley, Peters, Thorn, Smits & Sens, Council Bluffs, for appellees.

Considered by LeGRAND, P. J., and REES, HARRIS, ALLBEE and McGIVERIN, JJ.

REES, Justice.

This is an appeal by Hunter L. Scott, trustee under the will of Carolyn L. Dodge from the order and judgment of the trial court requiring him to reimburse Eleanor Scott Paine for expenditures personally made by her for the support of the trust beneficiary, Margaret Scott Bowers.

The will of Carolyn L. Dodge, who died in 1954, provided for the establishment of several trusts. The trust involved herein was to be administered for the use and benefit of the testator's niece, Margaret Scott Bowers, by her brother, Hunter L. Scott. The will granted the trustee "the right to disburse or use any portion of the principal for the care and maintenance" of the beneficiary and, inter alia, contained an additional spendthrift provision:

> The interests of the beneficiaries in the trust created in this Will as to principal and income shall not be . . . subject to any legal process, nor subject in any manner to the interference, control or claims of creditors, nor be liable for the debts of the beneficiaries.

In 1971 appellee Eleanor Scott Paine, the guardian and sister of Margaret, filed objections to the 1970 and 1971 annual reports of the trustee, alleging that Hunter L. Scott should be required to invade the principal of the trust due to the insufficiency of the income therefrom to meet the needs of Margaret, who was suffering from mental illness and required care in a rest home. No hearings were held on the objections to the reports, nor were orders entered disposing of them.

Margaret Scott Bowers died in April of 1976 and in July of the same year the trustee filed his final report and requested discharge. Eleanor filed an objection to the report on August 16, alleging that Margaret had incurred unpaid expenses which should have been satisfied out of the trust principal.

On March 3, 1977, subsequent to commencement of this action, the court made an adjudication of law points pursuant to rule 105, Iowa Rules of Civil Procedure, in which it held that Eleanor could pursue her claim as a creditor in her own right and that, despite the spendthrift provision of the trust instrument, "necessary" items provided by or paid for by Eleanor could be the proper subject of her claim.

On May 17, 1977 Eleanor amended her objection to state that she had advanced substantial funds for the support and maintenance of Margaret, including a summary of such expenditures. At the hearing before the trial court in December of 1977, Eleanor testified that she had paid for expenses of Margaret such as nursing home care, doctor bills, hospital expenses and personal items. On February 9, 1978 the trial court entered its order allowing Eleanor's claim for $40,783.81 against the trust for necessary expenditures made by Eleanor for Margaret's support.

The trustee filed a motion for a new trial on February 21, 1978, which was overruled. He then perfected timely appeal to this court.

Eleanor Scott Paine has since died and the executors of her estate have been substituted herein as appellees.

The appellant states the following issues for review:

(1) Was the trust administered by Hunter L. Scott not a discretionary trust as to principal such that a creditor could not compel payment for any claim by the trustee?

(2) Would not the spendthrift clause of the trust instrument preclude payment of Eleanor's claim as a creditor?

(3) Should Eleanor have been required to reduce her claim against the beneficiary to judgment before attempting to enforce her claim against the trust?

I. We first note that actions in probate for the establishment of contested claims are tried at law, § 633.33, The Code, rather than in equity. Thus the scope of our review is limited to the correction of errors at law.

II. In response to the aforelisted issues, Eleanor's executors contend that none of these issues were preserved as error in that they were not urged in the arguments submitted to the trial court. We find some merit in defendant's contentions, although we do not agree that all the issues were not properly preserved.

The trustee contends these issues inhere in the trial court's adjudication of points of law and notes that objections to rule 105 adjudications are limited by the language of that rule to preclude raising them later during trial of the remaining issues. The rule states in relevant part that the points of law so adjudicated "shall not be questioned on the trial of any part of the case of which it does not dispose."

Plaintiff's argument is based upon the line of Iowa cases regarding the scope of argument on appeal, including *Foods, Inc. v. Leffler,* 240 N.W.2d 914, 919 (1976), where we said: "We have consistently held questions not presented to and not passed upon by the trial court cannot be raised or reviewed on appeal." We have no quarrel with the application of this standard to this case. More specifically, we have held that in reviewing rule 105 adjudications we will pass upon only those issues argued to and

passed upon by the trial court. *Inghram v. Dairyland Mutual Insurance Co.,* 178 N.W.2d 299, 300 (Iowa 1970); *General Expressways, Inc. v. Iowa Reciprocity Board,* 163 N.W.2d 413, 417 (Iowa 1968). As noted by the defendant, rule 105 does limit subsequent reference or objection to those points of law already adjudicated. For purposes of determining whether error has been preserved in this case, we must examine the arguments of parties prior to the adjudication of points of law and those points passed upon by the court.

■ We conclude that the only issue which the defendant urges on appeal and which was both argued to and decided by the trial court concerns the effect to be given the spendthrift clause of the trust instrument. While the trial court did find the trust to be one for the support of the beneficiary rather than a classic discretionary trust, the precise issue presented by the pleadings was whether there had been an abuse of discretion by the trustee. It was not directly asserted that the trust was purely discretionary. This is a fine distinction and it may reasonably be argued that characterization of the trust is a necessary preliminary step to establishing a standard for review. On the merits we concur in the trial court's determinations that the requisite grant of unfettered or unlimited discretion necessary to find a discretionary trust was lacking and that the instrument evidences an intent to support the beneficiary. *See Restatement (Second) of Trusts* § 155, comment c (1979); G. Bogert, *The Law of Trusts and Trustees* § 227, 715–17 (2d ed. 1965); II A. Scott, *The Law of Trusts* § 155, 1181–83 (3rd ed. 1967); E. Griswold, *Spendthrift Trusts* § 430 (1936). The discretion which a trustee may exercise in discharging his or her duties is clearly distinguishable from the virtually unlimited grant of discretion which characterizes a purely discretionary trust.

Nowhere in the pleadings does the defendant contend that the plaintiff's action must fail due to the claim not having been reduced to judgment; nor does it appear that the trial court passed upon this proposition. As this argument is being pressed for the first time on appeal, we will not pass upon its merits.

■ III. We thus reach the sole issue properly preserved and presented by this appeal: the effect to be given the spendthrift clause of the trust instrument. The defendant alleges this clause bars the assertion of claims of creditors against the beneficiary's interest in the trust. A literal application of the clause would defeat recovery in this case. The trial court permitted recovery, based upon the exception expressed in *Restatement (Second) of Trusts* § 157:

> Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary . . . (b) for necessary services rendered to the beneficiary or necessary supplies furnished to him. . . ." [1]

The court found the consistency of the support purpose of the trust with the nature of the services rendered to compel recovery despite the spendthrift clause. We agree.

■ Spendthrift provisions in trust instruments are generally valid in Iowa. *See, e. g., In re Bucklin's Estate,* 243 Iowa 312, 51 N.W.2d 412 (Iowa 1952). We have not previously been faced with the position stated by *Restatement* § 157(b), although we have in the past rejected § 157(a) which would make available support or spendthrift trust funds for the support or alimony of the beneficiary's children or wife. *In re Bucklin's Estate; Roorda v. Roorda,* 230 Iowa 1103, 300 N.W. 294 (1941); *DeRousse v. Williams,* 181 Iowa 379, 164 N.W. 896 (1917). In so doing, we acknowledged the power of the donor to limit or place conditions on the disbursement of trust funds.

■ We find the trust instrument in the case before us here sufficiently distinguishable from those regarding child support and

---

1. As this trust is one for support with a spendthrift provision, it contains elements of both of the trusts discussed by the *Restatement.* Section 157 is therefore definitely applicable.

alimony to allow recovery by the plaintiff. Here the trust was one expressly for the support of the beneficiary which left much less discretion to the trustee than had been granted to the trustee in either *Bucklin* or *Roorda.* The discretion vested in the trustees in *Bucklin* and *Roorda* was much more akin to that of a true discretionary trust. Here the instrument requires use of the trust income for the maintenance of the beneficiary and permits invasion of the trust corpus to achieve that end. Our reading of the whole of the trust instrument leads us to conclude that the testator intended the trust principal to be applied, as necessary, for the support and maintenance of Margaret Scott Bowers. We therefore also conclude, as did the trial court, that the trustee abused his discretion in not invading the trust principal.

■ Construction of the trust instrument to determine the intent of the testator is essential to our resolution of this issue. Other courts, in deciding whether to apply *Restatement* § 157(b) in particular situations, have focused on whether such a result would be consistent with the testator's intent as evidenced by the terms of the instruments and the degree of discretion granted the trustee. *See, e. g., In re McLoughlin,* 507 F.2d 177 (5th Cir. 1975); *American Security and Trust Co. v. Utley,* 127 U.S.App.D.C. 235, 382 F.2d 451 (1967); *In re Lackmann's Estate,* 156 Cal.App.2d 674, 320 P.2d 186 (1958); *In re Estate of Hinckley,* 195 Cal.App.2d 164, 15 Cal.Rptr. 570 (1961); *City of Bridgeport v. Reilly,* 133 Conn. 31, 47 A.2d 865 (1946); *In re Mayer's Will,* 59 N.Y.S.2d 561 (Sur.1945); *State v. Rubion,* 158 Tex. 43, 308 S.W.2d 4 (1958); *Smith v. Plainview Hospital and Clinic Foundation,* 393 S.W.2d 424 (Tex.Civ.App. 1965). If the payment of the claim is consistent with the donor's discernable intent and the discretion granted the trustee is not such that payment could properly be withheld, enforcement of the claim has generally been allowed despite the existence of a support trust or spendthrift clause. *American Security and Trust Company v. Utley,* 453 of 382 F.2d ("We view the primary purpose of such a trust to assure that the

beneficiary will be provided for independent of his own improvidence. To accomplish this the income need not be made immune from debts incurred for the necessities of life, indeed to allow such claims is entirely compatible with the purpose of the trust.") *In re Lackmann's Estate; State v. Rubion.* As noted earlier, the purpose of this trust and the resulting degree of discretion granted Hunter L. Scott distinguishes this case from the prior decisions of this court where spendthrift clauses were found to bar the claims asserted and application of *Restatement* § 157(a) was rejected.

■ We hold, on the facts of this case and the language of the trust instrument, that the trial court did not err in applying *Restatement (Second) of Trusts* § 157(b). We do not adopt the § 157(b) standard without qualification and would require an additional showing similar to that made in this case, i. e., that (1) the claim is for necessary goods or services, not officiously rendered, which the settlor intended to be provided the beneficiary by trust funds; and (2) the withholding of payment for the goods and services is not properly within the discretion granted the trustee by the instrument, before a creditor's claim may be enforced against the trustee of a support trust subject to a spendthrift clause.

In so holding, we do not call into question the continued general validity of spendthrift clauses in Iowa nor of the Iowa precedents upholding such clauses. We continue to give primary attention to the language of the trust instrument and the intent of the testator or settlor expressed therein.

■ Credit was extended to the beneficiary for services, largely nursing home expenses, necessary for her support and maintenance, the purpose for which the trust was established. Several trusts were established by the will in question, all subject to the spendthrift clause. In resolving the tension between the support purpose of the specific trust and the instrument's general spendthrift clause, we think it best and

more consistent with the settlor's intent to affirm the trial court's allowance of the claim. *See People v. Casias,* 549 P.2d 803 (Colo.App.1976). To bar this claim for necessary services rendered the deceased beneficiary would unjustly enrich the trust corpus at the expense of the creditor, a result contrary to the intent of the testator which would effectively vest the trustee with greater discretion than that granted by the trust instrument.

The judgment and decree of the trial court is therefore affirmed.

AFFIRMED.