In re the MARRIAGE OF Maud Elizabeth MEREDITH and Edwin Thomas Meredith IV.

Upon the Petition of Maud Elizabeth Meredith, Appellant,

And Concerning Edwin Thomas Meredith IV, Appellee.

No. 85–1396.

Supreme Court of Iowa.

Oct. 15, 1986.

David R. Belin, Roger T. Stetson, and Donald G. Henry of Belin, Harris, Helmick, Tesdell, Lamson, Blackledge, and McCormick, Des Moines, for appellant.

Jack D. Hilmes of Duncan, Jones, Riley & Finley, Des Moines, and Sandra R. Murphy and Dewey J. Canton of McDermott, Will & Emery, Chicago, Ill., for appellee.

Considered by REYNOLDSON, C.J., and LARSON, SCHULTZ, WOLLE, and NEUMAN, JJ.

NEUMAN, Justice.

This is an interlocutory appeal in which the petitioner challenges the trial court's entry of a protective order barring discovery pertaining to nine discretionary spend-thrift trusts in which respondent has a beneficial interest. We conclude that the trial court's ruling must be reversed and we remand for further proceedings.

Maud and Tom were married April 3, 1982. Their only child, Katherine, was born February 21, 1983. On January 17, 1985, Maud filed a petition for dissolution of marriage in which she requested support for herself and Katherine, an equitable division of the parties' property and an award of attorney fees.

Interrogatories and requests for production were served on Tom. Interrogatory No. 17 and Production Request No. 4 are the subjects of this controversy and were directed to Tom as follows:

*Interrogatory No. 17:* For every trust in which you have an interest as a beneficiary or contingent beneficiary, provide the following information:

    a. the name of the trusts;

    b. the names of the trustees;

    c. description of the assets making up the corpus or principal of the trust;

    d. the current market value of the assets in each trust;

    e. a general description of the terms of the trust including the names of the beneficiaries and how the income and principal are to be distributed.

*Production Request No. 4.* Any and all documents relating to any trust in which Respondent has any interest, contingent or otherwise, including but not limited to the trust document, records showing income and distributions, tax returns, and records showing the value of any assets in the trust.

In response to these discovery requests, Tom furnished information pertaining to two family trusts, for one of which he is the sole income beneficiary and the other which provides for an equal income distribution between Tom and his two sisters. Additionally, reference was made to "other trusts in which respondent is a discretionary distributee." Copies of the text of these nine "other trusts" were attached as an exhibit to Tom's answer to Request for Production No. 4, but no details were furnished regarding the assets forming the corpus of these trusts, their current market value, or the distribution of principal or income made to the beneficiaries.

With reference to all the trusts, Tom asserted that the information sought was irrelevant, claiming that since his beneficial interests were created by inheritance or gift, the trusts were not subject to division upon dissolution of marriage nor to disposition by the court in connection with Maud's claims for support. Specifically referring to the nine discretionary trusts Tom further claimed that the trustees, and not he, were in sole possession of the requested data and that in any event, each trust contained spendthrift provisions, generally providing that Tom's interest in the principal or income was not subject to the claims of his creditors and could not be transferred, alienated or encumbered.

Maud's pursuit of information about these nine discretionary trusts was prompted, in part, by two significant documents which surfaced during the pendency of the action. The first was a 1983 letter from Tom's Chicago legal counsel outlining in general terms the current fair market value of each of the trusts and the annual income yield which might be anticipated by Tom and the other beneficiaries, with emphasis on the tax ramifications incident to the accumulation or distribution of the income. While the ultimate admissibility of this correspondence at trial may be subject to objection based on its privileged nature, the revelations it contains directly contradict Tom's assertion that only the trustees have access to the information sought by Interrogatory No. 17.

The second document, Tom's financial affidavit filed April 15, 1985, projected trust income of only $24,000 per year, in contrast to trust income reported on income tax returns for 1983 and 1984 in excess of $100,000 and $200,000, respectively. The difference between the actual figures and Tom's projected future income corresponds to the income generated by the discretionary trusts in former years.

Eventually, Tom applied for a protective order under rule 123, Iowa R.Civ.P., reiterating his claim that the information sought by Interrogatory No. 17 and Production Request No. 4 was irrelevant to the pending dissolution proceeding. Additionally, he asserted that the information was being sought solely for the purpose of harassing the Meredith family by exploring matters they deemed to be private. After hearing, the trial court made the following pertinent findings and conclusions:

It is true as petitioner argues, that the financial resources of the parties should be considered (with other things) in making child support and alimony awards. But the respondent has no enforceable claim as to these trust funds.

The respondent has received trust distributions in the past. These have been in substantial amounts. The petitioner is in possession of copies of the parties' tax returns for the years of the marriage, which returns show the amounts of these trust distributions. The trust assets from which respondent's income comes is not relevant.

A protective order should be issued protecting respondent from compliance with petitioner's Interrogatory No. 17 and Production Request No. 4 so far as they pertain to the nine discretionary trusts.

As a result of the trial court's order, Maud was barred from pursuing discovery of Tom's major assets and source of income. Upon review, we conclude that the trial court erroneously disregarded the relevance of this inquiry to major issues in the case, particularly the balancing of equities required by the statutory prescription that even inherited or gifted property may be divided if failure to do so would result in inequity to the other party or children. Further, we find that the trial court's ruling conflicts with the general principle that discovery rules are to be broadly and liberally construed.

While it is true that the trial judge has wide discretion to determine the subject of discovery, *State ex rel. Shanahan v. Iowa District Court,* 356 N.W.2d 523, 526 (Iowa 1984); *Pollock v. Deere & Co.,* 282 N.W.2d 735, 738 (Iowa 1979), we may reverse when discretion is abused or the grounds for the trial court action are clearly untenable. *Ashmead v. Harris,* 336 N.W.2d 197, 199 (Iowa 1983). It is an abuse of discretion to fail to apply a correct legal standard. *See Sullivan v. Chicago and Northwestern Transportation,* 326 N.W.2d 320, 328 (Iowa 1982).

Rule 122(a), Iowa R.Civ.P. sets forth the scope of discovery applicable to these proceedings:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Prior decisions of this court have held that discovery should be liberally construed to effectuate disclosure of all relevant and material information to the parties. *Hutchinson v. Smith Laboratories, Inc.,* 392 N.W.2d 139, 140 (Iowa 1986).

The information sought by Maud is clearly relevant to issues of property division and support raised in a dissolution of marriage action. Our dissolution statute re-

quires that upon every judgment of dissolution, the trial court shall, among other things, consider "other economic circumstances of each party, including pension benefits, vested or unvested, and future interests." Iowa Code § 598.21(1)(i) (1985). The statute goes on to provide:

> Property inherited by either party or gifts received by either party prior to or during the course of the marriage is the property of that party and is not subject to a property division under this section *except upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage.*

§ 598.21(2) (emphasis added).

Tom suggests that the discretionary nature of the trusts precludes them from being considered future interests, and thereby relevant, because by the terms of the trust agreement he has no ownership or control over the assets or the income. However, the discretionary nature of the trusts in question has little if any bearing on the issue of their relevance to a complete and accurate financial picture of the parties to this action. Admittedly, the distributions from spendthrift trusts are ordinarily not divisible, *Roorda v. Roorda,* 230 Iowa 1103, 1108, 300 N.W. 294, 297 (1941), but the income generated by the trust ought to be considered in the same way that military pensions (until recently neither divisible nor assignable) are taken into consideration. *See, e.g. In re Marriage of Schissel,* 292 N.W.2d 421 (Iowa 1980). In *Schissel,* we drew a distinction between divisibility and relevance:

> A distinction must be observed between a spouse's attempting to garnish a government or its officials to collect sums *from the government* due the other spouse, and a dissolution court's considering that governmental obligation when prescribing the economic terms of a dissolution decree *as between spouses.*

*Id.* at 424 (emphasis in original).

Similarly, although the rule in Iowa is that trust funds in a spendthrift trust cannot be taken for child support or alimony,

*In re Estate of Dodge,* 281 N.W.2d 447, 450 (Iowa 1979), we have held that less-than-certain interests are relevant and may be considered in the over-all scheme of property division in a dissolution of marriage action. *See In re Marriage of Beeh,* 214 N.W.2d 170 (Iowa 1974).

With regard to the inherited nature of the trust property and the balancing of equities required by section 598.21(2), we said in *In re Marriage of Thomas,* 319 N.W.2d 209 (Iowa 1982):

> [N]othing in the statute prohibits a consideration of ownership of property acquired by gift or inheritance, along with the earning capacity or anything else which might relate to ability to pay, in determining whether alimony should be allowed.... The fact that the farm is his, *and is to a limited extent excluded from division,* does not in any way prevent its being considered on the question of alimony.

*Id.* at 212 (emphasis added).

Upon trial in this case, Tom's counsel will no doubt argue that Tom has absolutely no enforceable right to the funds in the discretionary trusts and that the assets which comprise the corpus of these trusts should therefore be disregarded in any assessment of Tom's financial status. As an advocate, he has every right to so argue. But our discovery rules are designed to enable counsel for Maud to attempt to counter such an argument with relevant evidence demonstrating her interpretation of the trust administration as revealed by past practice and as anticipated in the future. The trial court's protective order foreclosed any opportunity by Maud to obtain that evidence or ultimately present that argument in any meaningful way before the trial court. We do not presume to predict the weight which will be accorded these trust funds when the trial court, having heard all the evidence, sets about the task of making an equitable division of the marital property and reasonable awards of support. But we do not agree with the trial court's preliminary conclusion that the nature and extent of the assets forming the

major source of Tom's income bears no possible relevance to these proceedings.

We are mindful that the information sought includes trust distributions made to Tom's siblings who are not parties to this action. We are not persuaded that Maud seeks this information for purpose of harassment or embarrassment but rather agree with her that such records may lead to admissible evidence showing a pattern of principal or income distribution which Tom may reasonably expect in the future. However, every effort should be made by counsel and the trial court to preserve the confidentiality of these nonparties.

Because we conclude that the trial court abused its discretion by limiting discovery of relevant evidence in this case, we reverse and remand for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.